United States District Court
Southern District of Texas
**ENTERED**
March 13, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| DEKARLA FULLER, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:22-cv-04467 |
| | § | |
| WATERSTONE PLACE LLC, | § | |
| | § | |
| Defendant. | § | |

### MEMORANDUM AND RECOMMENDATION

A federal court is required to examine, sua sponte if necessary, the threshold question of whether it has subject matter jurisdiction. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (a district court is duty-bound to "examine the basis of its jurisdiction, on its own motion, if necessary"). With that bedrock principle firmly in mind, I must examine whether this Court possesses subject matter jurisdiction over the claims brought by Plaintiff DeKarla Fuller ("Fuller") against Defendant Waterstone Place LLC ("Waterstone").

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). There are two main types of federal subject matter jurisdiction: federal question jurisdiction and diversity jurisdiction. Under federal question jurisdiction, a district court can hear and decide any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Diversity jurisdiction allows district courts to entertain cases between citizens of different states where the matter in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). The diversity statute requires "complete diversity" of citizenship, meaning that "a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants." *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992).

In her Complaint, Fuller contends that federal question jurisdiction provides the basis for federal jurisdiction in this matter. The pre-printed complaint form she submitted asks a plaintiff to "[l]ist the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case." Dkt. 1 at 3. Fuller's response: "Landlord's Duty to Repair or Remedy, Tex. Prop. Code § 92.052." *Id.* Needless to say, Fuller's reference to the Texas Property Code does not implicate a federal statute, treaty, or provision of the United States Constitution. Because Fuller's action does not arise under any federal question under the Constitution, laws, or treaties of the United States, federal question jurisdiction is lacking.

Although Fuller does not assert that diversity jurisdiction exists, I believe it is appropriate to determine if this case is properly in federal court on that basis. Fuller is a Texas citizen. *See id.* at 1. The sole defendant is Waterstone, a limited liability company. The citizenship of a limited liability entity is determined by the citizenship of its members. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability entity and identifying its citizenship status. *See Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397–98 (5th Cir. 2009). Waterstone's only member is Nitya AM, LLC. *See* Dkt. 16 at 1. In turn, Nitya AM, LLC has one member, Swapnil Agarwal ("Agarwal"), a Texas resident. *See id.* at 2. Because Agarwal is a Texas citizen, Waterstone is considered a Texas citizen for jurisdictional purposes. As far as this case is concerned, complete diversity is absent because both the plaintiff and the defendant are Texas citizens. *See Corfield v. Dall. Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) ("A district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants.").

Because there is neither federal question jurisdiction nor diversity jurisdiction, this Court lacks subject matter jurisdiction to entertain this action.

When a district court lacks subject matter jurisdiction, the action must be dismissed without prejudice. *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 209 (5th Cir. 2010). I thus recommend that this case be dismissed without prejudice.

The Clerk shall provide copies of this Memorandum and Recommendation to the respective parties who have 14 days from receipt to file written objections under Federal Rule of Civil Procedure 72(b) and General Order 2002–13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

SIGNED this 13th day of March 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE